RLN/BAS                                         2040-8008

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BENNY L. WILLIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) No. 08 CV 2600<br>WILL COUNTY SHERIFF )<br>DEPARTMENT, SHERIFF PAUL J. )<br>KAUPAS, CORRECT CARE )<br>SOLUTIONS, DR. KULBIR SOOD, )<br>)<br>Defendants. ) | |

### DEFENDANT, KUL SOOD, M.D.'S
### RULE 12(b)(6) MOTION TO DISMISS

NOW COMES the defendant, KUL SOOD, M.D., by and through his attorneys, McKAY, NORA & TANZILLO, LLP, and moves this Honorable Court to dismiss plaintiff, BENNY L. WILLIS' Complaint pursuant to Federal Rule 12(b)(6). In support of his motion, defendant states as follows:

### FACTUAL BACKGROUND

On or about May 6, 2008, plaintiff, Benny L. Willis, filed a Complaint against defendant, Kul Sood, M.D. ("Sood"), as well as against co-defendants, Will County Sheriff Department; Sheriff, Paul J. Kaupas; and Correct Care Solutions. In plaintiff's handwritten Complaint, he has checked that he is filing this action under Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983. (*See Exhibit "A," Plaintiff's Complaint*). However, in the body of plaintiff's Complaint, there are no allegations pertaining to Section 1983 of the Civil Rights Act. Rather, plaintiff merely raises allegations of state-based medical malpractice, including that he suffered

emotional, physical and psychological damages as a result of alleged mistreatment of his left index finger by Dr. Sood. Plaintiff also alleges that he was placed on suicide watch in the Will County jail, and had to undergo a psychological evaluation at that time. As a result of the alleged injuries, plaintiff requests $250,000 in medical damages and $250,000 in punitive damages from the collective defendants. (*See* Exhibit "A").

On May 13, 2008, the Honorable Judge Lefkow entered an order granting plaintiff leave to proceed *in forma pauperis*, dismissing the Complaint as to all defendants except Dr. Sood pursuant to 28 U.S.C. 1915(e)(2)(B), and directing the clerk to issue summons for service on Dr. Sood. (*See Exhibit "B," Civil Court Docket Online Printout*).

Based upon plaintiff's failure to state a cause of action under 42 U.S.C. § 1983, Dr. Sood now moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO STATE A VALID CAUSE OF ACTION AGAINST DEFENDANT, KUL SOOD, M.D., UNDER SECTION 1983 OF THE CIVIL RIGHTS ACT.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In addition, Federal Rule 8(a)(2) states that a pleading which sets forth a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. In Equal Employment Opportunity Commission v. Concentra Health Services, 496 F.3d 773, 776 (7th Cir. 2007), the Seventh Circuit construed Rule 8(a)(2) as follows:

> *[T]he allegations in a complaint must plausibly suggest that the defendant has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court.* EEOC, *496 F.3d at 776.*

In the instant case, plaintiff has clearly and unequivocally placed his Complaint under the umbrella of Section 1983 by checking the box labeled, "Complaint under the Civil Rights Act, Title 42, Section 1983 U.S. Code" on the cover page of his Complaint. (*See* "Exhibit A"). Additionally, it is evident from the nature of the facts alleged in his Complaint that plaintiff's cause of action against Dr. Sood is for state-based medical malpractice. Specifically, plaintiff's Complaint contains the following allegation in his statement of claim:

> *Had Dr. Sood not taken my splint my finger would have healed up right. Being that he wasn't professional enough to try to right his wrong i'm filing this suit.* [sic] (*See Exhibit "A"*).

Based upon the face of plaintiff's Complaint, it is clear that he is merely raising a Section 1983 claim against Dr. Sood for medical malpractice. The United States Supreme Court held in Estelle v. Gamble, 429 U.S. 97, 105-107 (1976), that medical malpractice is not actionable under Section 1983. In his majority opinion, Justice Marshall noted:

> *[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a Complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.* \*\*\* Estelle at 106.

In Estelle, a Texas inmate brought suit against the state corrections department medical director and two correctional officials under Section 1983, claiming that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment for inadequate treatment of a back injury sustained while doing prison work. Estelle at 97. The Supreme Court held that the inmate's claims did not display 'deliberate indifference' when medical personnel saw respondent on 17 occasions and treated his injury and other problems, and that the failure to perform an x-

ray or use additional diagnostic tests does not constitute cruel and unusual punishment – but at most medical malpractice cognizable in state courts. Id.

As in Estelle, it is readily apparent based upon the allegations raised by plaintiff in his Complaint that Dr. Sood did not exhibit 'deliberate indifference to serious medical needs,' which could potentially give rise to a Section 1983 claim. Plaintiff has alleged that he visited with Dr. Sood multiple times regarding pain in his left index finger, and that each time Dr. Sood gave plaintiff instructions regarding how to help his finger heal and eventually strengthen. Plaintiff takes issue with the instructions he received and the results achieved, but it cannot be disputed that Dr. Sood failed to exhibit the kind of 'deliberate indifference' as to constitute cruel and unusual punishment under the Eighth Amendment or substantiate a Section 1983 claim.

It should also be noted that, as recently as July 1, 2008, this Court cited Estelle as primary authority for the proposition that medical malpractice is not actionable under Section 1983. See Phillips v. Cook County, 2008 WL 2692032 (Slip Copy, Case No. 07 C 2394, July 1, 2008). Based on the foregoing, it is clear that plaintiff has 'plead himself out of court' by filing an impermissible Section 1983 claim for medical malpractice, and his Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based upon the foregoing facts, the Supreme Court's holding in Estelle and its progeny such as Phillips, and the federal rules governing the dismissal of insufficient pleadings, plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE defendant, KUL SOOD, M.D., by and through his attorneys, McKAY, NORA & TANZILLO, LLP, respectfully requests that this Honorable Court dismiss plaintiff,

BENNY L. WILLIS' Complaint pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted, as well as any other such relief as this Court may deem just and proper.

Respectfully submitted,

MCKAY, NORA & TANZILLO, LLP

/s/Blake A. Shuart
McKAY, NORA & TANZILLO, LLP
10 South LaSalle Street, Suite 2700
Chicago, Illinois 60603
(312) 650-7900

FILED
Case 1:08-cv-02600 Document 8 Filed 05/13/2008 Page 1 of 6
Case 1:08-cv-02600 Document 15-2 Filed 08/20/2008 Page 1 of 6
MAY 13, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TD

MHW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
MAY 6 2008
5-6-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Benny L. Willis

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Will County Sheriff
Department, Sheriff
"Paul J. Kaupas" et al
Correct Care Solutions
"Dr. Kulbir Sood"

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

08CV2600
JUDGE LEFKOW
MAG. JUDGE MASON

Case No.
(To be supplied by the Clerk of this Court)

CHECK ONE ONLY:

✓ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

____ OTHER (cite statute, if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

EXHIBIT A

I. **Plaintiff(s):**

A. Name: Benny Willis L.

B. List all aliases: _____

C. Prisoner identification number: County No. 2008-0000811, I. Doc. No. N-03578

D. Place of present confinement: Will County Adult Detention Center

E. Address: 95 S. Chicago St. Joliet IL. 60436

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: Will County Sheriff Department

Title: Sheriff "Paul J. Kaupas"

Place of Employment: Will County Adult Detention Center

B. Defendant: Correct Care Solutions

Title: Employer of "Dr. Kulbir Sood"

Place of Employment: Will County Adult Detention Center

C. Defendant: Dr. Kulbir Sood

Title: Physician

Place of Employment: Will County Adult Detention Center

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

    A. Name of case and docket number: __N/A__

    B. Approximate date of filing lawsuit: ____

    C. List all plaintiffs (if you had co-plaintiffs), including any aliases: ____

    D. List all defendants: ____

    E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): ____

    F. Name of judge to whom case was assigned: ____

    G. Basic claim made: ____

    H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): ____

    I. Approximate date of disposition: ____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On "Aug. 23, 07", I, Benny L. Willis, was arrested and brought here "Will County Jail". Upon my arrival I was interviewed by a nurse in booking who asked me several question. One particular question was, have I ever thought about committing suicide? My answer was yes! That answer got me put on suicide watch and placed in medical until I had a psych-evaluation to determine my mental state of mind. During the course of being on suicide watch and seeing the psych-doctor, I was given a procedural physical examination by the physician "Dr. Sood", who told the nurse to take the splint I had on my left index finger, stating it (my finger) would heal up just fine without it (the splint). The day I had my psych-evaluation, I spoke briefly with "Dr. Sood", about giving me another splint he said I didn't need another one just keep having the nurses tape my middle finger to my index finger which will

4

give my index finger the support needed to heal up properly. Having chronic eczema requires me to see the doctor on a regular basis to have my creme renewed. During my October visit to "Dr. Sood" office I spoke with him about my finger which had healed up in a half straight position. He told me not to worry that it takes time for a finger to thoroughly heal up. In "Dec. 07" he "Dr. Sood" told me to roll a pencil on the surface of my finger that might help restore regular movement to my finger. That was the last time I spoke with "Dr. Sood" face to face. The last person I've spoke with concerning my finger is "Barber Miller" who said she could get me a job washing dishes in warm water that might help my finger. Had "Dr. Sood" not taken my splint my finger would have healed up right. Being that he wasn't professional enough to try to right his wrong I'm filing this suit. I mean, it's one thing to make a minor mistake that doesn't scar a person for life. But when you make a mistake that affects a person physically, mentally, and psychologically, yet you refuse to make amends to that person. You have no regards for others well being.

5

Revised 9/2007

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Please allow me to see a doctor of your choice, one who can substantiate my claim. As well as adjust my finger so that I can use it properly again. Also, I seek compensation for the punitive damages im presently suffering, emotionally, physically and psychologically. Punitive $250,000, Medical $250,000

VI. The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 29 day of April, 20 08

Benny L. Willis
(Signature of plaintiff or plaintiffs)

Benny L. Willis
(Print name)

2007-0007811
(I.D. Number)

Will County Adult Detention Center
95 South Chicago St.
Joliet IL. 60436
(Address)

6

Revised 9/2007

MASON, PC

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:08-cv-02600

| | |
|---|---|
| Willis v. Will County Sheriff Department et al | Date Filed: 05/13/2008 |
| Assigned to: Honorable Joan H. Lefkow | Jury Demand: Plaintiff |
| Cause: 42:1983 Prisoner Civil Rights | Nature of Suit: 555 Civil Rights (Prison Condition) |
| | Jurisdiction: Federal Question |

**Plaintiff**

Benny L. Willis　　　　　represented by　**Benny L. Willis**
#2007-0007811
Will County - WCF
95 South Chicago Street
Joliet, IL 60436
*PRO SE*

V.

**Defendant**

Will County Sheriff Department

**Defendant**

Paul J. Kaupas
*Sheriff*

**Defendant**

Correct Care Solutions

**Defendant**

Kulbir Sood
*Dr.*

Service List　　　　　represented by　**Prisoner Correspondence - Internal Use Only**
Email: Prison1_ILND@ilnd.uscourts.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/06/2008 | 1 | RECEIVED Complaint and one copy by Benny L. Willis. (Poor Quality Original |

| | | |
|---|---|---|
| | | - Paper Document on File) (kjc, ) (Entered: 05/07/2008) |
| 05/06/2008 | 2 | CIVIL Cover Sheet. (kjc, ) (Entered: 05/07/2008) |
| 05/06/2008 | 3 | APPLICATION by Plaintiff Benny L. Willis for leave to proceed in forma pauperis. (Exhibits)(Poor Quality Original - Paper Document on File) (kjc, ) (Entered: 05/07/2008) |
| 05/06/2008 | 4 | MOTION by Plaintiff Benny L. Willis for appointment of counsel. (kjc, ) (Entered: 05/07/2008) |
| 05/06/2008 | 5 | LETTER from Benny Willis dated 4/29/2008. (Poor Quality Original - Paper Document on File) (kjc, ) (Entered: 05/07/2008) |
| 05/06/2008 | 6 | POST MARKED envelope for initiating document by Benny L. Willis (Document not scanned) (aew, ) (Entered: 05/13/2008) |
| 05/13/2008 | 7 | MINUTE entry before Judge Honorable Joan H. Lefkow: The plaintiff's motion for leave to proceed in forma pauperis 3 is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $5.33 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Will County Adult Detention Center. The clerk is directed to issue summons for service on Dr. Kulbir Sood only. The complaint is dismissed on initial review as to all other defendants pursuant to 28 U.S.C. Section 1915(e)(2)(B). The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel 4 is denied at this time. Mailed notice (td, ) (Entered: 05/15/2008) |
| 05/13/2008 | 8 | COMPLAINT filed by Benny L. Willis; Jury Demand. (td, ) (Entered: 05/15/2008) |
| 05/15/2008 | | MAILED copy of order dated 5/13/2008 to Trust Fund Account Officer at Will County Adult Detention Center. (td, ) (Entered: 05/15/2008) |
| 05/15/2008 | | SUMMONS Issued, one original and one copy, one copy of complaint and two certified copies of minute order dated 5/13/2008 to the U.S. Marshal's Office for service as to Defendant Kulbir Sood. (td, ) (Entered: 05/15/2008) |
| 05/15/2008 | | MAILED copy of order dated 5/13/2008, a Magistrate Judge Consent Form, and Instructions for Submitting Documents to Plaintiff. (td, ) (Entered: 05/15/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/14/2008 12:55:15 | | | |
| PACER Login: | rw0043 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:08-cv-02600 |
| Billable Pages: | 2 | Cost: | 0.16 |